(32 Misc. Rep. 480.)

## KENNEDY v. DR. DAVID KENNEDY CORP.

(Supreme Court, Special Term, Ulster County. July 28, 1900.)

1. TRADE-NAME—SALE—INJUNCTION—RECEIVING LETTERS—MISLEADING ADVERTISEMENTS.

Plaintiff, the originator of the proprietary remedy, sold the business and good will to defendant, including the sole right to use the names of "Dr. David Kennedy, of Rondout, N. Y.," and "Dr. D. Kennedy, of Rondout, N. Y.," and severed his connection with the defendant. Prior litigation had established the right of defendant to receive and open all letters addressed to plaintiff in the manner stated. Defendant's advertisements were so · worded that the natural inference by the public was that plaintiff would give his personal advice to all who might write to him about their own cases, which was not true. *Held*, that plaintiff was entitled to an injunction pendente lite to restrain defendant from receiving letters addressed to plaintiff in any other manner than that above stated.

2. SAME—JUDGMENT—CONSTRUCTION BY POST-OFFICE DEPARTMENT.

Where a judgment in prior litigation had established right of defendant to receive letters addressed to plaintiff in a certain specified manner, the post-office department may not construe such judgment to extend to letters addressed to plaintiff by any other form of address, since the right of the party to a letter deposited in the post office is a property right, of which he cannot be deprived except by due process of law.

Action by David Kennedy against the Dr. David Kennedy Corporation. Motion for an injunction pendente lite. Granted.

Brinnier & Searing (Gilbert F. Kennedy, of counsel), for plaintiff.
Howard Chipp, for defendant.

BETTS, J. This is a motion for the continuance of a temporary injunction until the trial of the action. Such litigation has been had between these parties that the appellate division has decided that the defendant has the right to first open all letters addressed to plaintiff by two separate forms of address, i. e. "Dr. David Kennedy, Rondout, N. Y.," and "Dr. D. Kennedy, Rondout, N. Y." Kennedy Corp. v. Kennedy, 36 App. Div. 599, 55 N. Y. Supp. 917. By direction of the postmaster at Kingston, approved by the post-office department, letters addressed to plaintiff in many other and different forms than the two above set forth were, prior to the commencement of this action, first delivered to defendant, whose officers or employés open them, and such as it decides are proper to be delivered to plaintiff are so delivered, and the remainder retained. This action is brought to restrain defendant from taking and opening any letters or mail matter addressed other than in the two specified forms above referred to, and an injunction during the pendency of the action is asked for by plaintiff and opposed by defendant. The judgment of the appellate division apparently proceeded upon the theory that the two forms of address were trade-marks or trade-names, and were conveyed by plaintiff to defendant by a certain bill of sale dated November 5, 1890, and fully set forth in the papers submitted on this hearing. It is proper, at the commencement of our inquiry, to ascertain the respective rights of parties who mail letters, the post-office department, and the parties to whom letters are addressed.

The United States government, through its post-office department, undertakes, upon receiving the required amount of postage, to forward

66 N.Y.S.—15

any letter to the party whose address is placed thereon at any post office in the United States. After the letter is placed in the post office, it passes out of the control of the sender, and into the control of the party to whom it is directed, and the postmaster or post-office department is the agent of the party addressed to forward the letter to him. Reg. v. Jones, 4 Cox, Cr. Cas. 198; Com. v. Wood, 142 Mass. 459, 8 N. E. 432. So it is seen that, without the interference of the court or post-office department, plaintiff would receive all letters addressed to him. This right may perhaps be properly described as the natural inherent right which every man has to the use of his own name. It is also a property right, as we have seen that the letter, upon being mailed, becomes the absolute property of him to whom it is addressed. Courts should only interfere with plaintiff's natural and property rights upon its being clearly shown that he has in some way disposed of the right to use his own name, or by some other action estopped himself from its general or particular use, or for the reason that a fraud is being perpetrated on the public by him, or some similar reason. So much litigation has been had and is pending between these parties that I shall not refer at length to said contract or bill of sale between them, except in so far as may be necessary in this brief opinion to properly understand the position now taken on this motion. The particular clause which was held by the appellate division of the supreme court to justify the taking of mail matter addressed to the plaintiff and delivering it to defendant for its prior inspection and retention of certain of it is as follows:

"Also the good will of the business of Dr. David Kennedy now carried on by me at Rondout, N. Y., with the sole and absolute and only right to use the names 'Dr. David Kennedy, of Rondout, N. Y.,' or 'Dr. D. Kennedy, of Rondout, N. Y.,' in connection with the manufacture of the proprietary medicines, hereby granted and sold by me to the said corporation, and also all articles of office furniture and implements used in the manufacture of the Favorite Remedy and the other preparations as aforesaid; and I do hereby agree, in consideration of such payment of one hundred and fifty thousand dollars as aforesaid, to execute and deliver any other or further paper the said corporation may be advised is necessary and requisite to convey and vest more fully in the said corporation all my right, title, and interest of, in, and to any and all of the said property and business hereby sold, or intended to be sold, to the said Dr. David Kennedy Corporation."

It will be noted that the word "address" is not in any way referred to in said clause. The judgment of the appellate division plainly relies on the fact that those two precise forms of address were used in this bill of sale or agreement, and, the forms of address which it decides should be first delivered to defendant not having been enlarged any by that court, should this court now do so prior to the trial and determination of the issues raised and to be determined in this action?

The defendant contends that it should be enlarged for the following reasons, among others: (1) That the addresses complained of are immaterial variations of the two forms permitted to be first opened by it by the said judgment and covered by its provisions. (2) If not covered by its provisions, then it has bought and paid for the right to use plaintiff's name and address. (3) That the post-office department, at the request of plaintiff, has construed the said judgment to mean that practically all letters addressed to "Dr. David Kennedy,"

"Dr. D. Kennedy," "David Kennedy, M. D.," "D. Kennedy, M. D.," at any place except Kennedy Row, or plaintiff's residence, or marked "Personal," should be first delivered to defendant, and that its conclusion is final.

It may be assumed, I think, that ordinarily careful people in writing to the defendant would direct their letters to the Dr. David Kennedy Corporation; also that druggists, newspaper proprietors, advertising bureaus, and generally people having frequent business intercourse with it, would use the same address; so that such letters directed to plaintiff as would be intended for defendant would be principally from people little accustomed to corresponding, and who are led to write by the advertisements of defendant inviting such correspondence.

The plaintiff complains that the defendant has deposed him from its presidency, and retired him from its employment, but that it still, by deceptive advertisements, assures the public that he will answer queries of invalids directed to him, while, by the assistance of the post-office department, it does not even permit him to see such queries or letters, and that such advertising is a fraud upon the public, which the courts should not tacitly encourage by delivering such letters to the defendant in the first instance, except when directed in the forms authorized by the appellate division. Some of the advertisements of defendant now being put out, although carefully worded, are, at least, open to the fair construction that the public is invited to correspond with it on the assurance that the writers will receive from Dr. Kennedy personally an answer to the letter describing their symptoms and ailments. This Dr. Kennedy will certainly not be permitted to do if defendant secures these letters. Dr. Kennedy is not now employed by defendant corporation, and has not been for some time. So it is seen that since his retirement from the presidency and active management of the corporation conditions have changed. Advertisements that prior to January, 1898, were true as to the connection of plaintiff with defendant corporation are now untrue and misleading.

The following sentence appears in an advertisement complained of by plaintiff published by the defendant July 21, 1900: "David Kennedy, M. D., of Rondout (City of Kingston), N. Y., says: * * * Those who wish consultation or advice as to their own special case can have the same entirely free of charge. Simply direct, 'Dr. David Kennedy, Rondout, City of Kingston, N. Y.,' where all communications will be treated with strictest professional confidence." This advertisement does not in terms say that Dr. Kennedy will personally answer those who write him for advice as to their own special case, but that is the fair inference from the advertisement, and is apparently the idea that is intended to be conveyed to the readers thereof. The affidavit of the president of the corporation states that this sentence is taken from the Favorite Remedy Book (page 58), and that that Favorite Remedy Book was sold to the defendant by the plaintiff, and hence it has the right to use this advertisement in the words used. Another published by defendant recently commences with "David Kennedy, M. D., physician and surgeon, of Kennedy Row, Kingston, N. Y., says," following with the same sentence in regard to free con-

sultation and advice. The president of the corporation testifies that the words "Kennedy Row" were inserted by mistake of the printer. How many of these mistakes have been published and distributed heretofore, and how many advertisements containing this same mistake will be published in the future, is not disclosed by the papers submitted.

Of course, the right to use these advertisements is not pertinent now, only as it bears upon the good faith of the defendant in inviting the public to write to Dr. Kennedy for "advice as to their own special case," then taking the letter from the post office, and having an answer sent thereto without Dr. Kennedy knowing anything of the circumstances. These letters are now, it appears, answered by Dr. Wolf. The question as to whether they are as well or better answered by Dr. Wolf than they would be by Dr. Kennedy is not pertinent. The corporation is asking for correspondence to Dr. Kennedy in advertisements in which the readers are led to infer that Dr. Kennedy will reply, and the court is asked to prevent Dr. Kennedy from even knowing that such letters are written. The court is now asked by the defendant corporation to permit this state of affairs to continue, to permit the corporation to advertise what it cannot perform and has no intention of performing; that is, have Dr. Kennedy answer its written queries sent in response to its own invitation for correspondence. It is asked to have this done, not by affirmative action, but by nonaction during the pendency of this action. Every principle of equity is opposed to the court lending its approval to a scheme of the defendant in advertising assistance that it cannot give, and the decisions are against it. Hazard v. Caswell, 93 N. Y. 268; Medicine Co. v. Wood, 108 U. S. 218, 2 Sup. Ct. 436, 27 L. Ed. 706; Prince Mfg. Co. v. Prince's Metallic Paint Co., 135 N. Y. 24, 31 N. E. 990, 17 L. R. A. 129. We have seen that the right of the plaintiff to letters addressed to him is a property right. Being such, the plaintiff's right thereto is protected by the constitution, and cannot be taken from David Kennedy, the plaintiff, without due process of law. Const. U. S. art. 5, Amend.; Const. N. Y. art. 1, § 6. Unless the judgment of the appellate division justifies the post-office department in delivering letters addressed to the plaintiff to the defendant other than in the two above-mentioned forms, it is without justification. The only authority the post-office department has now for such delivery is the construction put upon the judgment of the appellate division by its own officials. In other words, the post-office department determines for itself to whom letters addressed to the plaintiff shall be delivered. This is not "due process of law," within the meaning of the constitutional inhibition.

Letters addressed to the plaintiff at "Kingston, Ulster County, N. Y.," or "Kingston, N. Y.," or "City of Kingston, N. Y.," are not within the letter of the appellate division's decision. Are they within its spirit? The defendant contends that they are. It will be noted in this connection that the post office at Rondout had been discontinued prior to the decision of the appellate division, and the post office there was either known as "Station R" or "Rondout Station," so that no new situation in regard to the post office at Rondout is presented now from what existed at the time of the litigation determined by the ap-

pellate division. While the judgment of the appellate division provides that all letters directed to plaintiff in two specified forms of address shall be first delivered to defendant, "unless, in addition to such form of address, some additional mark or word indicates that the same is intended for the defendant [plaintiff here] personally," it nowhere provides that letters addressed to plaintiff in other than in said two precise forms of address shall be delivered to defendant. If this was the intention, it could easily have been provided for. It ought to be an extremely difficult matter for one person or corporation to obtain the right to open and examine another person's private correspondence without his consent. There is something so repugnant in such a proposition to all our ideas of common fairness that to simply state it is to arouse antagonism thereto. I am of the opinion that this can never become the settled law of this state in any case unless it clearly and unequivocally appears that both parties at the time of making any contract, agreement, or bill of sale relating thereto clearly understood and agreed that that was to be the result of the arrangement entered into. The plaintiff is shown to have an interest of about one-third in the property of the defendant. The defendant is not shown to have any interest whatever in the property, correspondence, or interests of the plaintiff. It would seem more equitable that all letters directed to plaintiff, except such as are addressed in said two specified forms, should be first delivered to plaintiff, rather than have practically all of plaintiff's private, personal, business, and social correspondence first inspected by defendant. This leaves the rights of the parties pending the trial of this action precisely where the judgment of the appellate division left them, and is a much better course than to follow the conjectures of the post-office department as to what this judgment meant.

An order may be submitted continuing the temporary injunction during the pendency of the action, and said order may provide that letters or mail matter received by plaintiff intended for defendant shall be at once delivered to defendant or returned to the post office.